In this casé, on a motion for á new trial,' oh behalf of the defendants, it was ruled by the court; notwithstanding the stat.1 7 Jac. 1 c. 12,- made of force here by the apt of 1712, P. L. 74 : 1. That books' of accounts shall be evidence, after a year from the delivery of the articles, therein charged, before ac. tion brought. 2. That others besides tradesmen and handicraftsmen, próperly so called, are entitled to give their books of account in evidence. 3. That the plaintiff, himself, shall be allowéd to prove the entries made in his own books of account, where such evidence- is the bésí that the nature of the case admits of; as Where the entries are in his own handwriting.
It was strongly contended, on' behalf of the defendants, that although it be proper to admit the shop books “'of tradesmen andhandicraftsmen,” themselves swearing to the truth of the same/ on the ground of necessity, as many of our tradesmen and mechanics do not ke'ep clerks : yet such' necessity cannot be alleged to support the practice of allowing' such evidence to be given, after one year has passed from the time when the articles are chargéd to have been delivered, before the commencement of the action ;' nór does such necessity require, that any other persons^ than those which properly come under the description of tradesmen and handicraftsmen, should be allowed the benefit of such sort of evidence.-
But it was answered, on behalf of the plaintiff, and resolved by the court, present'Grimke, Waties, Bay, Johnson, TrezevamV. and Brevard, Justices, that by immemorial usage, a practice had obtained in this State, of admitting the books of account, as' weE of planters_and others, as of tradesmen and mechanics, in evidence on trials at law, te recovei debts appearing to be dile by such *106 books of account; and after as well as within the year, afterthe artiC^0S c^ar8ec*> an<^ before suit brought; and as well upon the oath of the party producing such books, as upon the oath of others, where the party himself is the best or only witness, the nature of the • * ^ » case admits-of: which practice never was superseded, m fact, by the statute of James. That in 1721, long after the adoption of the statute of James, the old practice having still prevailed in opposition to the statute, and suffered and admitted to do so, either because of some legislative sanction, of provision, in that behalf, or from reasons of necessity, and general utility, it is taken notice of,, and recognized as law, in the preamble to the 10th section of an act passed in that year, for establishing county and precinct courts. P. L. 116. And, therefore, it must be inferred, from the language of the act of 1721, and from the uniform practice of our courts,, that there must have passed some act, now lost, to repeal the statute of James, or to alter it, which is not now known;* or that the legislature intended to legitimate the practice in use, in 1721, Contrary to that statute, which had theretofore obtained* upon the foundation? of the maxim, communis error facit jus, by the general notice taken of the practice which had prevailed contrary to the statute, in these words: « whereas, it has been heretofore allowed for law, that books of account shall be allowed for evidence, the plaintiff swearing to the same, &c.,” and by tlie approbation given to that practice. That since the revolution, there have been sundry decisions of our courts which have followed up the old practice of the country, and which have been founded on the reasons now given. And under these circumstances, and upon these considerations, and because the custom has been found to promote the con. venient and due administration of justice, without introducing any evils of sufficient magnitude to counterbalance the benefits which flow from it, it ought to be continued and sanctioned, as the settled law of this State. That no general rule can be laid down to define, and exactly limit, the extent and use of this sort of evidence ; as who shall be allowed to give their private books of ac. count in evidence, whether all manner of persons in general, or such persons only, as, in the ordinary intercourse of society, are-accustomed to make charges in their books of account, and to use the same on settlement, with the person so charged ; what sort of books, or written entries of charges on account, shall be admitted ; what charges in books of account shall be proper ; whether every *107 such charge as one man may have a right to demand compensation for from another, or only such charges as it has been usual to .charge in books of account; as goods sold and delivered, work done, &e. But that particular rules must be hereafter established, where cases shall occur to render them necessary, and point out their propriety.
Falconee, for defendants,
New trial refused.

 Lord Cuke says a» $et of parliament may be presumed. See Cowp. 215,